1

2

3

4

5

6

7

**IN THE UNITED STATES DISTICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON**

8

9  DANIEL B. SMITHSON,                                    No.

10                                         Plaintiff,

11              v.                                          COMPLAINT

12  DARYL JONATHAN HAMMOND,              *With Jury Demand*
    Washington State Department of Corrections
13  (DOC) Probation Officer, J. DOE
    HAMMOND, and the marital community
14  comprised thereof; SARAH LEWIS
    Supervisory Washington State Department of
15  Corrections (DOC) Probation Officer, J. DOE
    LEWIS, and the marital community comprised
16  thereof; AMBER SMITH, Washington State
    Department of Corrections (DOC) Probation
17  Officer, J. DOE
    SMITH, and the marital community comprised
18  thereof; RICHARD HENDRICKS,
    Washington State Department of Corrections
19  (DOC) Probation Officer, J. DOE
    HENDRICKS, and the marital community
20  comprised thereof; J. DOEs 1-5 Washington
    State Department of Corrections (DOC)
21  Supervisory Officers, and the marital
    communities comprised thereof, ALEX
22  McBAIN, Director & Supervisor of the
    Washington State Department of Corrections
23  (DOC) J. DOE McBAIN, and the marital
    community comprised thereof;
24

25

26      COMPLAINT  - Page 1

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

Defendants.

COMES NOW the Plaintiff, DANIEL SMITHSON, through his attorneys of record, Kannin Law Firm P.S., and hereby presents the following claims:

**JURISDICTION**

1.

Jurisdiction is founded upon the existence of a federal question.

2.

This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983).

3.

Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(3) and (4).

4.

Venue is proper in the United States District Court of the Western District of Washington because the acts or omissions which for the basis of the Plaintiff's claims occurred in Pierce County, Washington and the defendants reside in Washington State

5.

At all times relevant to this complaint, Plaintiff was an individual residing in Pierce County, Washington.

6.

At all times referred to herein, Defendant Daryl J. Hammond DARYL J. HAMMOND,

COMPLAINT  - Page 2

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

1  Washington State Department of Corrections (DOC) Probation Officer was employed by the

2  State of Washington and its Department of Corrections.

3                                 7.

4         At all times referred to herein, Defendant Sarah Lewis and J. DOE DOC supervisors 1-5

5  were employed by the State of Washington and its Department of Corrections (DOC) as the

6  Probation Supervisors for Defendant Hammond and other DOC Probation Officers and are

7  believed to have been the supervising and commanding officers or authority of Defendant

8  Hammond, a DOC probation officer.

9                                 8.

10         At all times referred to herein, Defendant Alex McBain was employed by the State of

11  Washington and its Department of Corrections (DOC) as the Director of the Department of

12  Corrections (DOC) to be its chief policy maker and supervisory authority of the Defendant

13  Probation Supervisors Lewis, J. Does 1- 5 and Defendant Hammond and other DOC Probation

14  Officers and employees.

15

16                                 9.

17         Plaintiff sues the individual DOC Probation Defendants Officers Hammond, Smith,

18  Hendricks and Lewis in their individual capacities and sues the supervisory Defendants John

19  Doe Supervisors 1-5 and Alex McBain in in his or her individual and official capacities. At all

20  times relevant to this complaint the Defendants were acting within the scope of their employment

21  as employees of the State of Washington and its Department of Corrections and were acting

22  under color of law.

23

24                              **FACTS**

                               10.

25  COMPLAINT  - Page 3

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

On January 22, 2019, Plaintiff Smithson was at the Washington State Department of Corrections (DOC) Office, 514 S 13th St, Tacoma, Washington 98402 in Pierce County. Smithson was there for a scheduled meeting with his DOC probation officer Defendant Daryl J. Hammond.  Smithson was on DOC probation after pleading guilty to felony assault and drug crimes by way of a no contest, or *Alford* plea.  Plaintiff Smithson was permanently disabled after suffering a traumatic brain injury in 2014. At the January 22, 2019 meeting,  sometime after 11:00  a.m., Defendant Hammond ordered Plaintiff Daniel Smithson to provide a urinalysis sample for random drug testing. No one else at the DOC office knew Hammond ordered Smithson to provide a urine sample for testing.  Smithson complied and went with Hammond into the restroom at the DOC Tacoma office.  No one else from the DOC went with Hammond and Smithson for the urine specimen collection. Smithson proceeded to the toilet area to provide the urine specimen as instructed. Defendant Hammond was behind Plaintiff Smithson. No one else was with Hammond and Smithson in the restroom.  Defendant Hammond and Plaintiff Smithson exchanged words. Defendant Hammond pushed Plaintiff Smithson into the wall of the restroom. Smithson turned to face Hammond. Defendant Officer Hammond punched Plaintiff Smithson in the face. Defendant Hammond instructed Smithson to get down onto the floor. Smithson complied.  As Smithson was on the floor face down Hammond told Smithson to put his hands behind his back for what Smithson thought was handcuffing. Smithson complied. Defendant Hammond pulled Smithson's arms and hands further behind Smithson's back.  When Defendant Hammond pulled Smithson's arms and hands behind Smithson's back, Hammond used such force that Hammond broke bones in Plaintiff Smithson's right hand and wrist.  When Hammond broke Smithson's hand and wrist Smithson yelled out. Defendants Sarah Lewis and Defendant Amber Smith came into the DOC restroom.  Plaintiff Smithson told Defendant

COMPLAINT  - Page 4

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

Hammond and the other Defendants that Hammond had injured Smithson's right hand/wrist and arm. Defendant Smith put handcuffs on Smithson and used the handcuffs to lock Plaintiff Smithson's broken hand and wrists together behind his back.

11.

Defendant Lewis along with another DOC probation officer, believed to be Defendant Hendricks, took Plaintiff Smithson to the St. Joseph's hospital in Tacoma, Washington. Once at the hospital  Plaintiff Smithson was admitted into the Emergency Department at the CHI Franciscan Health St. Joseph's Medical Center in Tacoma, Washington.

12.

At St. Joseph's Medical Center Doctors and medical staff treated Plaintiff Smithson for his injuries caused by the Defendants. Smithson's physicians diagnosed him as having suffered contusions of the face caused by a blow/blunt force trauma to Plaintiff Smithson's head/face. Smithson's physicians also diagnosed him as having a fracture of the metacarpal bone and fracture of hamate bone of the right wrist caused by Defendant Hammond forcing Smithson's hand and wrist behind his back. The subsequent handcuffing by Defendant Smith is believed to have aggravated Plaintiff's injuries. After triage Plaintiff Smithson was treated at the St. Joseph's hospital. The doctors and medical staff treated Smithson for injuries to his face and right arm and hand. They put a cast on Smithson's right arm. Defendant Lewis along with another DOC probation officer believed to be Defendant Richard Hendricks took Plaintiff Smithson from the St. Joseph's hospital in Tacoma, Washington to a jail in Nisqually, Washington. Defendant Lewis and Hendricks caused Plaintiff to be booked into the Nisqually jail. There was no probation violation hearing held nor was the Pierce County Superior Court ever involved in the detention and imprisonment of Plaintiff Smithson at the Nisqually jail.  Plaintiff Smithson was never informed as to why he was arrested and detained in jail.  Defendants kept Plaintiff

COMPLAINT  - Page 5

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

1   Smithson incarcerated at the Nisqually jail for approximately two weeks. Plaintiff Smithson was

2   in pain from his injuries caused by the Defendants when he was a prisoner at the Nisqually jail.

3   here was no medical treatment for Plaintiff Smithson at the Nisqually jail. Plaintiff Smithson was

4   eventually released from the Nisqually jail. Upon his release Defendant Lewis and Hendricks

5   took Plaintiff Smithson to the Olympic Orthopedic Urgent Care Clinic in Thurston County,

6   Washington. At the clinic medical doctors anesthetized Plaintiff Smithson and Gregory Byrd,

7   M.D., performed surgery on Smithson's right arm and hand.

8                                              13.

9           After the surgery Defendant Lewis and Hendricks drove Plaintiff from the urgent care

10  clinic in Thurston County to the Washington State Correctional Facility (Prison) at Monroe,

11  Washington. The Defendants caused Plaintiff Smithson to be held in custody at the prison in

12  Monroe for about two weeks. There was no probation violation hearing held nor was the Pierce

13  County Superior Court involved in ordering the detention and imprisonment of Plaintiff

14  Smithson at the DOC correctional facility in Monroe, Washington. Plaintiff Smithson was

15  eventually released from the State prison at Monroe, Washington. Two DOC employees drove

16  Plaintiff Smithson from the State prison at Monroe to the Nisqually jail in Thurston County,

17  Washington. Smithson was kept in custody at the Nisqually for several days. He was eventually

18  released. Nisqually jail employees gave Plaintiff Smithson $20.00 in cash and  bus schedule and

19  released him from the jail so that he could return home.  Plaintiff Smithson was living at 2031 S

20  8th St Tacoma WA 98405 when he was detained, injured and arrested on January 22, 2019.

21          After Plaintiff Smithson was discharged from the Nisqually. Plaintiff's physicians

22  continued to provide medical treatment to Plaintiff for the injuries caused by the Defendants.

23

24

25      COMPLAINT  - Page 6

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

Plaintiff Smithson underwent a painful course of physical therapy that caused him to further

suffer as a direct result of the Defendants' acts. Plaintiff's right wrist has not fully recovered,

there is a loss of function and range of motion. Plaintiff is permanently partially disabled as a

direct result of the Defendants' acts and/or failures to act. Plaintiff expects to incur future

medical expenses for the treatment of his right hand and wrist.

14.

After Defendant Daryl J. Hammond and Amber Smith injured  Plaintiff Smithson on

January 22, 2019,   neither the State of Washington nor the Washington State Department of

Corrections charged Plaintiff Smithson with violating the conditions of his probation. There was

no probation violation hearing held nor was the Pierce County Superior Court ever involved in

the detention and imprisonment of Plaintiff Smithson.

15.

On January 22, 2019, Defendant Sarah Lewis the supervising DOC officer and manager

at the Washington State Department of Corrections responsible for supervising Defendant

Hammond. As the supervising officer and supervising authority of Defendant Daryl Hammond,

she was the DOC employee responsible for training and supervising Defendant Hammond and

ensuring the DOC policies for supervising detainees subject to DOC probation were

implemented and followed. On January 22, 2019, Defendant J. Does 1- 5 were the supervising

DOC officers and managers at the Washington State Department of Corrections responsible for

supervising Defendant Hammond and Defendant Lewis and Defendant Smith and Defendant

Hendricks. As the supervising officers and supervising authority of Defendant DOC officers

Hammond, Lewis, Smith, and Hendricks the Defendant J. Does 1- 5 were the DOC employees

responsible for training and supervising Defendants Hammond, Lewis, Smith and Hendricks, and

COMPLAINT  - Page 7

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

ensuring the DOC policies for supervising detainees subject to DOC probation were implemented and followed. Defendant On January 22, 2019, Defendant Alex McBain was employed by the State of Washington and its Department of Corrections (DOC) as the Director of the Department of Corrections (DOC) to be its chief policy maker and supervisory authority of the Defendant Probation Supervisors Lewis, and J. Does 1- 5 Supervisors. Defendant McBain was the State of Washington employee responsible for ensuring the policies, practices and customs that the DOC officers under his command, which included Defendant Daryl Hammond, Lewis, Smith and Hendricks, did not violated the clearly established constitutional rights of the DOC detainees under their control and further responsible to ensure that the DOC officers were adequately and lawfully trained and supervised when carrying out their duties on behalf of the Washington State Department of Corrections in conformity with the polices made by Defendant McBain.

16.

The Defendants caused Plaintiff Smithson to suffer painful disabling injuries to his person/body that required the expenditure of money for medical care and treatment of his injuries. The Defendants' acts caused Plaintiff Smithson to suffer serious permanent disabling injuries. Plaintiff Smithson underwent medical treatment for his injuries. Plaintiff Smithson anticipates additional medical treatment to be necessary for his injuries caused by the Defendants' acts and failures to act. Plaintiff Smithson's injuries were and are painful, permanent, disabling, and disfiguring. Plaintiff Smithson suffered a loss of enjoyment of his life as a direct result of what the Defendants did and failed to do. Plaintiff Smithson continues to suffer from his injuries caused by the Defendants.

COMPLAINT  - Page 8

17.

The Defendants' acts and failure to act impaired Plaintiff Smithson's ability to earn wages. As a direct result Plaintiff Smithson anticipates future lost wages caused by the Defendants.

18.

Defendant McBain is believed to be the Washington State Department of Corrections (DOC) chief policy maker regarding implementing the Washington State Department of Corrections (DOC) use of force policies, practices and customs and the management of urinalysis testing policies, practices and customs for DOC detainees. He is further believed to be Washington State Department of Corrections representative who ultimately approved, and/or ratified the Defendant Hammonds' use of force and testing procedures in this case. Defendant McBain is further believed to be Washington State Department of Corrections chief policy maker regarding implementing the Washington State Department of Corrections employees policies, practices and customs for use of force policies, practices and customs and the management of urinalysis testing policies, practices and customs for DOC detainees. In determining and implementing the Department of Corrections policies, he is believed to rely upon the assistance of, and policy making, development and implementation of other John and Jane Doe Washington State Department of Corrections supervisory employees, Defendants J. Does 1- 5.

19.

As a direct and proximate result of the said acts of the defendants the plaintiff Daniel Smithson suffered the following injuries and damages:

COMPLAINT  - Page 9

1    a. Violation of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth

2    Amendments to the United States Constitution;

3    b. Physical pain and suffering requiring the expenditure of money for treatment;

4    c. Economic and non-economic damages incurred and expected to be incurred, in an

5    amount to be established at trial.

6                                        20.

7    The actions of the defendants further violated the following clearly established and well-

8    settled federal constitutional rights of Daniel Smithson:

9        a.       Right to freedom from the use of excessive and unreasonable force

10                against his person.

11       b.       Right to freedom from the unlawful seizure of his person.

12       c.       Right to not be deprived of life and liberty and property without due process of

13                law.

14       d.       Right to not be held in custody such that it was cruel and unusual punishment.

**FIRST CLAIM UNDER 42 U.S.C § 1983 AGAINST DEFENDANT WASHINGTON
DEPARTMENT OF CORRECTIONS PROBATION OFFICER DARYL HAMMOND IN
HIS INDIVIDUAL CAPACITY VIOLATION OF PLAINTIFF'S FOURTH AND
FOURTEENTH AMENDMENT RIGHTS
(EXCESSIVE FORCE)**

                                        21.

    Plaintiff re-alleges paragraphs 1 through 20 above.

                                        22.

    42 U.S.C. § 1983 provides in part:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage of

COMPLAINT  - Page 10

1    any State or Territory subjects, or causes to be subjected, any person of the United States or other

2    person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

3    secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at

4    equity or other proper proceeding for redress.

5                                                    23.

6            Plaintiff Smithson had a firmly established right under the Fourth Amendment forbidding

7    unlawful and unreasonable seizure and granting him the rights to be free from physical abuse,

8    excessive force, and the use of force to cause him to suffer bodily injuries as well as a firmly

9    established right to be free from excessive force being used against him to detain him, search

10   him or seize and arrest him.

11                                                   24.

12           At all times material herein, defendant Daryl Hammond acting under color of state law,

13   had a duty to refrain from depriving plaintiff Smithson of his constitutional rights. Defendant

14   Hammond breached his aforementioned duty to refrain from depriving plaintiff of his

15   constitutional rights by using unreasonably excessive force, to punch Smithson in the face and to

16   us  a purported handcuff technique to detain Smithson, on January 22, 2019 such that Defendant

17   Hammond broke bones in Plaintiff's hand and wrist all of which constituted a violation of

18   plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the

19   Constitution of the United States, forbidding unlawful and unreasonable seizure of his person.

20

21                                                   25.

22           At the time they breached their duties to plaintiff defendant Hammond acted under color

23   of law and was employed by the Washington State Department of Corrections (DOC).

24

25           COMPLAINT  - Page 11

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

1

26.

2    Plaintiff was subjected to physical injury, pain, and fear by the illegal acts of defendants

3 and claims damages, attorney fees, and punitive damages for the injuries set forth herein under

4 42 U.S.C. § 1983 against Defendant Hammond for violation of his constitutional rights under

5 color of law in an amount to be proven at trial.

6

27.

7    The conduct of the defendants was knowing, intentional, and malicious, by reason of

8 which plaintiff is entitled to punitive damages.

9

**SECOND CLAIM:  UNDER 42 U.S.C § 1983 AGAINST DEFENDANT WASHINGTON**
10 **DEPARTMENT OF CORRECTIONS PROBATION OFFICER DARYL HAMMOND IN**
**HIS INDIVIDUAL CAPACITY & DEFENDNT AMBER SMITH IN HER INDIVIDUAL**
11 **CAPACITY VIOLATION OF PLAINTIFF'S EIGHTH AND FOURTEENTH**
**AMENDMENT RIGHTS**
12 **(CRUEL AND UNUSUAL PUNISHMENT)**

13

14

28.

15    Plaintiff realleges paragraphs 1 through 27 above.

16

17

29.

18    42 U.S.C. § 1983 provides in part:

19    Every person who, under color of any statute, ordinance, regulation, custom, or usage of

20 any State or Territory subjects, or causes to be subjected, any person of the United States or other

21 person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

22 secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at

23 equity or other proper proceeding for redress.

24

30.

25 COMPLAINT  - Page 12

26

1  Plaintiff Smithson had a firmly established right under the Fourth Amendment forbidding

2  unlawful and unreasonable seizure and granting him the rights to be free from physical abuse,

3  excessive force, and the use of force to cause him to suffer bodily injuries as well as a firmly

4  established right to be free from excessive force being used against him to detain him, search

5  him or seize him.

6  31.

7  At all times material herein, defendant Daryl Hammond and Defendant Amber Smith

8  acting under color of state law, had a duty to refrain from depriving plaintiff Smithson of his

9  constitutional rights. Defendant Hammond breached his aforementioned duty to refrain from

10  depriving plaintiff of his constitutional rights on January 22, 2019 by using unreasonably

11  excessive force to punish Plaintiff Smithson, punching Smithson in the face and using force to

12  break bones in Plaintiff's hand and wrist, when Plaintiff Smithson was a person detained and

13  under the control of  defendant Hammond, on January 22, 2019, and Defendant Smithson

14  handcuffed Smithson  after Defendant Hammond broke bones in Plaintiff's right hand and wrist

15  all of which constituted a violation of plaintiff's clearly-established rights under the Eighth and

16  Fourteenth Amendments to the Constitution of the United States, forbidding cruel and unusual

17  punishments when in State custody

18  32.

19  At the time they breached their duties to plaintiff defendant Daryl Hammond and

20  defendant Amber Smith acted under color of law and was employed by the Washington State

21  Department of Corrections (DOC).

22  33.

23  Plaintiff was subjected to physical injury, pain, and fear by the illegal acts of defendants

24  and claims damages, attorney fees, and punitive damages for the injuries set forth herein under

25  42 U.S.C. § 1983 against Defendant Hammond for violation of his constitutional rights under

COMPLAINT   - Page 13

26

color of law in an amount to be proven at trial.

34.

The conduct of the Defendants was knowing, intentional, and malicious, by reason of which Plaintiff is entitled to punitive damages.

**THIRD CLAIM:  UNDER 42 U.S.C § 1983 AGAINST DEFENDANT WASHINGTON DEPARTMENT OF CORRECTIONS PROBATION OFFICER DARYL HAMMOND, DEFENDANT SARAH LEWIS, DEFENDANT AMBER SMITH, DEFENDANT RICHARD HENDRICKS  IN THEIR INDIVIDUAL CAPACITIES  FOR VIOLATION OF  FOURTH,  FIFTH , EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS (ARREST AND IMPRISONMENT WITHOUT A HEARING, NO DUE PROCESS & NO PROBABLE CAUSE TO ARREST FOR  A PROBATION VIOLATION)**

35.

Plaintiff re-alleges paragraphs 1 through 34 above.

36.

42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

37.

Plaintiff Smithson had firmly established rights under the Fourth Amendment forbidding unlawful and unreasonable seizure of his person granting him the rights to be free from being arrested and imprisoned without a warrant and without probable cause that plaintiff Smithson had committed a probation violation.

38.

At all times material herein, defendants Daryl Hammond, Sara Lewis, Amber Smith,  and

COMPLAINT  - Page 14

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

Richard Hendricks, acting under color of state law, had a duty to refrain from depriving plaintiff Smithson  of his constitutional rights.  Defendants Daryl Hammond Sara Lewis, Amber Smith, and Richard Hendricks, breached the aforementioned statute and breached their legal duties to refrain from depriving plaintiff of his constitutional rights by illegally arresting plaintiff Smithson without a warrant and/or without probable cause that Smithson had violated the conditions of his probation, on January 22, 2019, which constituted a violation of plaintiff's clearly-established rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, forbidding unlawful and unreasonable seizures.

39.

At all times material herein, defendants Daryl Hammond, Sara Lewis, Amber Smith,  and Richard Hendricks, acting under color of state law, had a duty to refrain from depriving plaintiff Smithson  of his constitutional rights. Defendants Daryl Hammond, Sara Lewis, Amber Smith, and Richard Hendricks breached the aforementioned statute and breached their legal duties to refrain from depriving plaintiff of his constitutional rights by putting him in jail without a hearing and without a court order that he be incarcerated for violating the conditions of his sentence and/or probation,  which constituted a violation of plaintiff's clearly-established rights under the Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States.

40.

At the time they breached their duties to plaintiff Daryl Hammond, Sara Lewis, Amber Smith,  and Richard Hendricks acted under color of law and were employed by the Washington State Department of Corrections (DOC).

41.

COMPLAINT  - Page 15

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

Defendants' acts and failures to act caused plaintiff to suffer physical injury, pain, humiliation, and fear as a direct and proximate result of the defendants' acts and failures to act and hereby claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against defendants Daryl Hammond, Sara Lewis, Amber Smith,  and Richard Hendricks for violation of his constitutional rights under color of law, in amount to be proven at trial.

42.

The conduct of the defendants was knowing, intentional, reckless, and/or malicious, by reason of which plaintiff is entitled to punitive damages.

**UNDER 42 U.S.C § 1983 AGAINST DOC CHIEF POLICY MAKER ALEX McBAIN & J. DOEs 1 – 5 WASHINGTON STATE DEPARTMENT OF CORRECTION (DOC) SUPERVISORY POLICY MAKERS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS SUPERVISORS AND POLICY MAKERS FOR VIOLATION OF PLAINTIFF'S FOURTH, FIFTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS ( UNCONSTITUTIONAL POLICY PRACTICE OR CUSTOM)**

43.

Plaintiff realleges paragraphs 1 through 42 above.

44.

Prior to January 22, 2019 Defendant Alex McBain, Defendants John Does 1 – 5 Washington State Department of Corrections (DOC) Supervisors, developed and maintained policies, practices, or customs, by and through Defendant Daryl Hammond,  Defendant Lewis, Defendant Smith, Defendant Hendricks, its Correction's Department Probation Officer and other DOC officers whose identities are presently unknown, exhibiting deliberate indifference to the constitutional rights of persons in the custody of Washington State DOC, which caused the

COMPLAINT  - Page 16

1   violation of Plaintiff Smithson's rights.

2                                        45.

3          At the time of the incident involving plaintiff Smithson it is believed that it was the

4   policy, practice, or custom of Defendant Alex McBain and Defendants John Does 1 – 5

5   Washington State Department of Corrections (DOC) Supervisors to fail to ensure the DOC

6   employees under their supervision did not unlawfully assault, injure, improperly test, and/or

7   punish DOC detainees under their employees' supervision, and further not having adequate

8   screening of probation officer candidates during the hiring process, or adequate training,

9   supervision, and not having discipline of probation officers after they were hired.  Defendants

10  McBain and  John Does 1 – 5 Washington State Department of Corrections (DOC) Supervisors

11  did not require appropriate in-service training or retraining of officers who violated the plaintiff's

12  aforementioned rights.  Defendants McBain and John Does 1 – 5 Washington State Department

13  of Corrections (DOC) Supervisors did not require appropriate in-service training or retraining of

14  DOC officers who were known to have engaged in misconduct. Defendants McBain and John

15  Does 1 – 5 Washington State Department of Corrections (DOC) Supervisors did not

16  appropriately discipline its DOC  officers who were known to have engaged in misconduct.

17  Upon information and belief, the Defendants McBain and  John Does 1 – 5 Washington State

18  Department of Corrections (DOC) Supervisors knew or should have known of the propensities of

19  Defendant Daryl Hammond,  Amber Smith, Richard Hendricks and Sarah Lewis to perform an

20  unlawful assault, excessive force, improper testing, arrest, detention and incarceration without a

21  hearing or court order,  and cruel and unusual punishment but took no steps to train, correct the

22  Defendant's abuse of authority, or discourage their  unlawful use of authority.

23                                        46.

24         As a result of the above-described policies, practices, and customs, DOC probation

25  COMPLAINT  - Page 17

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

1  officers, including Defendant officers Hammond, Amber Smith, Richard Hendricks and Sarah

2  Lewis believed that their actions or inactions would not be properly monitored by supervisory

3  officers and that the Defendant officer's misconduct would not be investigated or sanctioned but

4  would be tolerated and/or ratified by Defendants Alex McBain and John Does 1 – 5 Washington

5  State Department of Corrections (DOC) Supervisors.

6  47.

7  The above-described policies, practices, and customs of Defendants Alex McBain and

8  John Does 1 – 5 Washington State Department of Corrections (DOC) Supervisors demonstrated

9  indifference to the constitutional rights of persons within Washington State Department of

10  Corrections (DOC) and were a cause of the violations of Plaintiff's Fourth. Eighth, and

11  Fourteenth Amendment rights, as alleged herein.

12  48.

13  Plaintiff Smithson claims damages for the injuries set forth above under 42 U.S.C. § 1983

14  against Defendants Alex McBain and John Does 1 – 5 Washington State Department of

15  Corrections (DOC) Supervisors for violation of his constitutional rights under color of law in an

16  amount to be proven at trial.

17

18  **FIFTH CLAIM: VIOLATION OF TITLE II OF 42 U.S.C. § 12131 -  § 12134 OF THE**
**AMERICANS WITH DISABILITIES ACT (ADA), REASONABLE**
19  **ACCOMMODATION, AGAINST DEFENDANTS SARAH LEWIS, DEFENDANT**
**AMBER SMITH, DEFENDANT RICHARD HENDRICKS  AND SUPERVISORS ALEX**
20  **McBAIN AND J. DOE 1 – 5.**

21  49.

22  Plaintiff re-alleges paragraphs 1 through 48 above.

23  50.

24  Subject to the provisions of 42 U.S. Code § 12132, no qualified individual with a

25  disability shall, by reason of such disability, be excluded from participation in or be denied the

26  COMPLAINT  - Page 18

1   benefits of the services, programs, or activities of a public entity, or be subjected to

2   discrimination by any such entity.  This law,  the ADA,  applies to all the operations of a public

3   entity probation department, including arrests, detentions and physical/medical testing.

4                                               51.

5          Defendants knew that plaintiff Smithson was disabled, and that as a result of his

6   disability, a traumatic brain injury, Smithson's cognitive function was delayed, and that plaintiff

7   Smithson was likely to need a special accommodation.

8                                               52.

9          Since the defendants knew or reasonably should have known that plaintiff Smithson was

10  disabled, and thus was a qualified individual in accordance with 42 U.S. Code § 12131 (2), at all

11  times material herein, defendants Hammond, Lewis, Smith, and Hendricks along with chief

12  policy maker and supervisor Defendant Alex McBain and J. Doe Supervisors 1- 5   all had Doe

13  had a duty to make reasonable modifications or accommodations, and policies that allowed for

14  them, when testing, interviewing, detaining, and/or arresting and imprisoning an individual with

15  a disability or whom they reasonably believe had a disability, and thee  supervisory authority

16  defendant Alex McBain and J.Does 1- 5   had a further duty to ensure that the  organization

17  under his policy making control, the Washington State Department of Corrections has reasonable

18  policies practices and customs to make reasonable accommodations or modifications when

19  testing, interviewing, detaining, and/or arresting and imprisoning an individual with a disability

20  or whom they reasonably believe had a disability, and defendant Alex McBain and J.Does 1- 5

21  had a duty to ensure the employees under his supervision made reasonable modifications when

22  detaining, testing, arresting and jailing an individual with a disability or whom they reasonably

23  believe had a disability.

24

25      COMPLAINT  - Page 19

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
john@kanninlaw.com

53.

Defendants Hammond, Lewis, Smith, and Hendricks along with chief policy maker and supervisor Defendant Alex McBain and J. Doe Supervisors 1- 5 failed to   make a reasonable modification when arresting and/or seizing, testing, and jailing, plaintiff Smithson an individual with a disability or whom they reasonably believe had a disability.  Defendants thereby by violated the Americans with Disabilities Act (ADA) 42 U.S.C. § 12131 -  § 12134 and are liable to plaintiff Smithson.

54.

Plaintiff Smithson claims damages for the injuries set forth above under 42 U.S.C. § 12131 -  § 12134   against defendants Hammond, Lewis, Smith, and Hendricks along with chief policy maker and supervisor Defendant Alex McBain and J. Doe Supervisors 1- 5  in an amount to be proven at trial.

**JURY DEMAND**

The Plaintiff Daniel Smithson respectfully requests trial by jury.

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff prays for judgment in an amount to be established at trial, including:

a. Economic damages to Plaintiff against the Defendants jointly and severally;

b. Non-economic damages to Plaintiff against the Defendants jointly and severally;

c. Reasonable attorney's fees and costs to the plaintiff under 42 U.S.C. § 1988 and 42 U.S.C. §12205;

COMPLAINT  - Page 20

d. Punitive damages; and

e. Such other relief as this court may deem equitable.

DATED this 14th day of January 2022.

KANNIN LAW FIRM P.S.

By:  *John Kannin*

John Kannin, WSBA #27315
Attorney for Plaintiff

COMPLAINT  - Page 21