1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL B. SMITHSON,

                Plaintiff,

     v.

DARYL JONATHAN HAMMOND, SARAH

LEWIS, AMBER SMITH, RICHARD

HENDRICKS, ALEX MCBAIN,

                Defendant.

Case No. 3:22-cv-05029-TMC

ORDER ON MOTIONS IN LIMINE

15

16

17

18

19

       Before the Court are Plaintiff Daniel B. Smithson and Defendant Jonathan Hammond's

motions in limine. Dkt. 41, 47. The Court has considered the parties' briefs and heard oral

argument on certain motions at the pre-trial conference on January 2, 2024. The motions are ripe

for the Court's consideration.

20

21

22

23

24

### I.      BACKGROUND

       Smithson brings this civil rights action under 42 U.S.C. § 1983 for alleged excessive

force and wrongful arrest in violation of his Fourth Amendment rights. The Court dismissed

Smithson's other claims and all Defendants except for Hammond in its order on Defendants'

motion for summary judgment. Dkt. 37. Both parties filed their motions in limine on December

**ORDER** ON MOTIONS IN LIMINE - 1

21, 2023. Dkt. 41, 47. Both parties responded to the other's motions. Dkt. 52, 56. Certain

motions are stipulated to by the parties while others are disputed. The Court addresses each

motion in turn.

## II.   DISCUSSION

### A.  Legal Standards

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence

in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

"To exclude evidence on a motion in limine the evidence must be inadmissible on all

potential grounds." *Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1047 (D.

Nev. 2013) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until

trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the

appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-TL, 2023 WL 6458871, at *1

(W.D. Wash. Oct. 4, 2023).

In ruling on motions in limine, courts do not "resolve factual disputes or weigh

evidence." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020). The inquiry is

discretionary. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

### B.  Hammond's Motions in Limine

> *1.  Motion in Limine 1: References to the State's Indemnification or Defense of Defendant Hammond or to Liability Insurance.*

Hammond requests exclusion of any evidence that the State of Washington has

indemnified him or is paying for his defense of this action. Dkt. 41 at 2. This motion is

GRANTED; any potential minimal relevance to bias is substantially outweighed by the danger of

confusing the issues and misleading the jury. *See* Fed. R. Evid. 403.

> *2.  Motion in Limine 2: Exclusion of all Non-Party Witnesses from the Courtroom During Trial.*

**ORDER** ON MOTIONS IN LIMINE - 2

1

2

The parties agree that all non-party witnesses should be excluded from the courtroom during trial. Accordingly, this motion is GRANTED.

3

       3.   *Motion in Limine 3: Exclusion of Evidence of Settlement Negotiations.*

4

5

6

7

8

Defendant Hammond moves for exclusion of evidence of the parties' settlement negotiations pursuant to Federal Rule of Evidence 408. FRE 408 prohibits evidence of compromise negotiations "to prove or disprove the validity or amount of a disputed claim," and Smithson has not articulated a sufficient factual basis to admit the evidence for another purpose. *See* Fed. R. Evid. 408(b). Accordingly, this motion is GRANTED.

9

       4.   *Motion in Limine 4: Reference to or Mention of the Relative Financial Condition of the Parties.*

10

11

12

13

14

15

Defendant Hammond seeks exclusion of "[a]ny reference to the financial resources available to the Defendant versus the resources of the Plaintiff in litigating this case or affecting Defendant's ability to pay damages." Dkt. 41 at 3. The Court agrees that the relative financial condition of the parties is not relevant to any fact of consequence and GRANTS the motion. *See* Fed. R. Evid. 401. However, this ruling does not prohibit discussion of a power imbalance between a law enforcement officer and a person under community custody.

16

17

       5.   *Motion in Limine 5: Exclusion of Statements that Invite Jurors to Conceptually Put Themselves in the Place of Plaintiff in Considering the Issues.*

18

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

19

20

       6.   *Motion in Limine 6: Exclusion of Statements Outside the Record for Political Effect.*

21

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

22

       7.   *Motion in Limine 7: Exclusion of Statements and Evidence Regarding Claims and Theories Dismissed from the Case.*

23

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

24

**ORDER** ON MOTIONS IN LIMINE - 3

8. *Motion in Limine 8: Exclusion of Statements About Punitive Damages Until the Court Rules on Whether Sufficient Evidence Has Been Introduced to Support Them.*

This motion is DENIED. To the extent Defendant seeks judgment as a matter of law on the issue of punitive damages, that should have been brought as a motion for partial summary judgment, and it can be raised after the presentation of Plaintiff's evidence. Plaintiff may put on evidence that he believes goes to the issue of punitive damages. Although in opening statements argument of any kind is prohibited, Plaintiff may explain to the jury what he expects the evidence to show.

9. *Motion in Limine 9: Exclusion of Evidence and Witnesses Not Timely Disclosed in Discovery.*

Hammond seeks to exclude the testimony of Dr. Michael Hatzakis, one of Smithson's expert witnesses, for failure to make the required expert disclosures under Federal Rule of Civil Procedure 26(a)(2). The discovery cutoff for this case was September 3, 2023. *See* Dkt. 16. On November 29, 2023, Smithson informed Hammond for the first time that he intended to use Dr. Hatzakis as an expert witness. *See* Dkt. 41 at 6–7; Dkt. 42-1 at 2. Hammond also argues that Smithson still has not made all the disclosures required by Rule 26(a)(2).

Under Rule 26(a)(2), parties must disclose the identity of each expert witness "accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony." Rule 26(a)(2)(B) sets out six specific categories of information the report "must contain":

(i)     a complete statement of all opinions the witness will express and the basis and

        reasons for them;

(ii)    the facts or data considered by the witness in forming them;

(iii)   any exhibits that will be used to summarize or support them

**ORDER** ON MOTIONS IN LIMINE - 4

      (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

      (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

      (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Federal Rule of Civil Procedure 37(c)(1) "gives teeth" to Rule 26's disclosure requirements, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), providing that generally, when a party fails to "provide information or identify a witness as required by Rule 26(a)," that "party is not allowed to use that information or witness." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly*, 259 F.3d at 1106).

Rule 37(c)(1) does not apply, however, where "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly*, 259 F.3d at 1106 ("Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."). The Court has broad discretion to issue sanctions under Rule 37(c)(1). *Yeti by Molly*, 259 F.3d at 1106. The burden of proving substantial justification or harmlessness is on the party facing sanctions. *Id.* at 1107.

The Court finds that Smithson has not shown that his failure to timely make the proper disclosures under Rule 26(a)(2) was substantially justified or harmless. Accordingly, this motion is GRANTED. Smithson's treating physicians may testify instead of Dr. Hatzakis. Based on the parties' discussion at the pretrial conference, the Court finds good cause under Federal Rule of

Civil Procedure 43(a) to allow the testimony of Smithson's physicians by Zoom videoconference if they prefer, so long as Smithson notifies the Court at least one day in advance of their testimony so that the necessary technology can be arranged.

#### 10. Motion in Limine 10: Exclusion of Any Evidence of or Reference to Hammond's Domestic Disputes.

Defendant Hammond requests exclusion of evidence regarding domestic disputes he had with his former partner, which Smithson's counsel inquired about during Hammond's deposition, for lack of relevance, unfair prejudice, and improper character evidence under Federal Rules of Evidence 401–404. This motion is GRANTED. The evidence is not relevant to any fact of consequence under Federal Rule of Evidence 401, and any potential minimal relevance is outweighed by confusion of the issues and unfair prejudice under Federal Rule of Evidence 403.

#### 11. Motion in Limine 11: Exclusion of Evidence Regarding Plaintiff's Medical or Psychological Conditions or How They Affected His Ability to Understand and Follow Directives.

Defendant Hammond requests exclusion of evidence pertaining to Smithson's traumatic brain injury ("TBI") because it is unsupported by expert testimony. Dkt. 41 at 10–11. This motion is DENIED. Witnesses may testify about their personal knowledge of Smithson's injury and how they have observed it affect him. Smithson may also testify about his own experience of living with his TBI and how it affects him. Hammond may be questioned about his personal knowledge of Smithson's TBI and any personal knowledge or experience he has gained in his role as a community custody officer. This type of testimony is based on personal knowledge and perception and not based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701. The Court will consider objections during trial to specific evidence as it arises.

#### 12. Motion in Limine 12: Providing At Least 24 Hours' Notice to Opposing Counsel and the Court of Witnesses to Be Called Each Day.

1

The parties stipulate to this motion. Accordingly, this motion is GRANTED.

2
3

> 13. *Motion in Limine 13: The Court Should Accommodate Scheduling the Testimony of Defendant's Medical Expert Dr. Traci Granston on January 11, 2024.*

4

The parties stipulate to this motion. Accordingly, this motion is GRANTED. However,

5

Hammond must follow up with the Court as the time for Dr. Granston's testimony approaches to

6

ensure that her scheduled testimony will not delay the trial.

7

> 14. *Motion in Limine 14: Witness Kyle Mowatt's Testimony by Zoom.*

8

Hammond requests that one of his witnesses, Kyle Mowatt, be permitted to testify at trial

9

by Zoom videoconference. Under Federal Rule of Civil Procedure 43(a), "[f]or good cause in

10

compelling circumstances and with appropriate safeguards, the court may permit testimony in

11

open court by contemporaneous transmission from a different location." The Court finds based

12

on the discussion of the parties at the pre-trial conference that good cause exists to allow Mr.

13

Mowatt to testify remotely by Zoom. Accordingly, this motion is GRANTED. Hammond should

14

provide the Court at least one day's advance notice of the time for Mr. Mowatt's testimony so

15

that the necessary technology can be arranged.

16

> 15. *Motion in Limine 15: Evidence or Argument Concerning Other Cases, Settlements or Jury Verdicts Under Fed. R. Evid. 401, 402, 403, and 408.*

17

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

18
19

> 16. *Motion in Limine 16: Any Argument, Testimony, or Comment Regarding the Fact that This Motion Has Been Filed Should Be Excluded.*

20

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED.

21

> 17. *Motion in Limine 17: Continuing Objection with Respect to Any Motions in Limine Which Are Denied.*

22

This motion is DENIED. The two motions in limine denied in this order—relating to

23

punitive damages and testimony regarding Smithson's TBI—are so broad that the record would

24

**ORDER** ON MOTIONS IN LIMINE - 7

be insufficiently clear as to which evidence the continuing objection applied. The parties may renew objections to specific testimony and evidence at trial.

### C.  Smithson's Motions in Limine

1.  *Motion in Limine 1: Exclusion of References to Dismissed Parties.*

The parties stipulate to this proposed exclusion. Accordingly, this motion is GRANTED. Neither party may refer to previous defendants or claims that were dismissed. Witnesses who were previously defendants may not refer to that in their testimony.

2.  *Motions in Limine 2 and 3: Evidence of Past Crimes, Wrongs, or Acts and Character Evidence.*

Smithson argues for exclusion of arguments that he acted in accordance with a character trait under Federal Rule of Evidence 404(a)(1) as well as evidence of specific instances of his conduct to attack his character for truthfulness under Federal Rule of Evidence 608. He also argues for exclusion of evidence of past acts used to prove his character to show that he acted in accordance with that character trait under Federal Rule of Evidence 404(b)(1).

These motions are DENIED as overbroad. Smithson does not identify specific testimony or documentary evidence that he wishes to exclude in a manner that allows the Court to rule in advance. Generally, the Court will allow Hammond to testify about his history of supervising Smithson, his interactions with Smithson, and his personal knowledge of Smithson's criminal history and behavior while under community custody to show his state of mind during the incident in question. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). The fact—but not the underlying details of—Smithson's conviction that resulted in his term of community supervision is also admissible for impeachment purposes under Federal Rule of Evidence 609. Smithson may raise more specific objections to this testimony as it arises at trial,

and the Court will issue a separate order addressing the parties' objections to proposed trial exhibits.

Dated this 3rd day of January, 2024.

Tiffany M. Cartwright
United States District Court Judge

ORDER ON MOTIONS IN LIMINE - 9