UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL B. SMITHSON, <br><br> Plaintiff, <br><br> v. <br><br> DARYL JONATHAN HAMMOND, <br><br> Defendant. | Case No. 3:22-cv-05029-TMC <br><br> ORDER ON PERPETUATION DEPOSITIONS |

## I.  ORDER

Before the Court is Defendant Daryl Hammond's motion to admit portions of the videorecorded perpetuation depositions of Kyle Mowatt and Dr. Traci Granston. Dkt. 85. The Court has reviewed the motion, Plaintiff Daniel Smithson's response/cross-motion (Dkt. 95), and the deposition transcripts. On its own motion, the Court will also address the admission of testimony from Mr. Smithson's deposition on which it previously reserved ruling, and Plaintiff's motion to admit the videorecorded perpetuation deposition of Dr. Byrd (Dkt. 88).

**A.     Depositions of Mr. Mowatt and Dr. Granston**

Hammond's motion to use the perpetuation depositions of Mr. Mowatt and Dr. Granston in lieu of live testimony is GRANTED IN PART. Both parties agree to use of the deposition testimony, and the Court finds this meets the requirements of Federal Rule of Civil Procedure 32

ORDER ON PERPETUATION DEPOSITIONS - 1

based on Mr. Mowatt's distance from the courthouse and the challenges of arranging Dr. Granston's live testimony, particularly considering the cancellation of the first trial date.

1.   *Mowatt Deposition*

Defendant Hammond has identified portions of the deposition he seeks to play and portions to which he objects. Dkt. 85 at 4–7. Plaintiff Smithson responds that the entire deposition should be played. Dkt. 95. The Court rules on Hammond's objections in the chart below. Other than the objections sustained by the Court, the entire deposition shall be played. Defendant's Trial Exhibits 548, 568, and 570 are ADMITTED into evidence.

| Page and Line Numbers Objected To | Ruling |
| --- | --- |
| Page 53, Line 25 – Page 54, Line 13 | Overruled. This portion shall be played for the jury. |
| Page 55, Lines 5–11 | Overruled. This portion shall be played for the jury. |
| Page 77, Line 22 – Page 78, Line 9 | Sustained. This portion may be excluded from what is shown to the jury. |
| Page 78, Line 16 – Page 79, Line 2 | Sustained. This portion may be excluded from what is shown to the jury. |
| Page 79, Lines 5–9 | Sustained. This portion may be excluded from what is shown to the jury. |
| Page 80, Lines 8–12 | Sustained. This portion may be excluded from what is shown to the jury. |
| Page 81, Lines 4–10 | Overruled. This portion shall be played for the jury. |

2.   *Granston Deposition*

Defendant Hammond has identified portions of the deposition he seeks to play and portions to which he objects. Dkt. 85 at 7–8. Plaintiff Smithson responds that the entire deposition should be played. Dkt. 95. The Court rules on Hammond's objections in the chart below. Other than the objections sustained by the Court, the entire deposition shall be played. Defendant's Trial Exhibits 556, 565, 567, 568, 569, 571, and 572 are ADMITTED into evidence.

| Page and Line Numbers Objected To | Ruling |
|---|---|
| Page 50, Lines 5–13 | Overruled. This portion shall be played for the jury. |
| Page 52, Lines 7–19 | Overruled. This portion shall be played for the jury. |
| Page 53, Line 11 – Page 54, Line 1 | Sustained. This portion may be excluded from what is shown to the jury. |

**B.     Deposition of Mr. Smithson**

The Court previously reserved ruling on the portion of Mr. Smithson's deposition from Page 77, Line 23 to Page 85, Line 10. Dkt. 62 at 3. The Court has reviewed the testimony again and determined that this section will be ADMITTED.

**C.     Deposition of Dr. Byrd**

Plaintiff Smithson has also moved to admit the videotaped perpetuation testimony of Dr. Byrd (Dkt. 88). Defendant Hammond has opposed the motion because Smithson has not yet provided the transcript of the deposition to defense counsel and to the Court. Dkt. 93. Because the Court finds the use of Dr. Byrd's perpetuation testimony meets the requirements of Federal Rule of Civil Procedure 32 given the difficulty in scheduling his live testimony, and that it will serve the interests of fairness and efficiency at trial, the Court will not exclude the testimony based on the delay in receiving the transcript. In response to the Court's inquiry (Dkt. 94), counsel for Smithson has represented that he will provide the transcript to defense counsel and the Court no later than Wednesday, May 1, 2024. Assuming that happens, Defendant Hammond can file any additional, specific objections to the testimony on May 2, and the Court will issue a ruling on May 3.

## II.     CONCLUSION

As explained above, the Court ORDERS as follows:

- Defendant's motion to admit portions of the Mowatt and Granston depositions (Dkt. 85) and Plaintiff's cross-motion regarding those depositions (Dkt. 95) are both GRANTED IN PART as set forth in the Court's rulings above;

- Defendant's Trial Exhibits 548, 568, and 570 are ADMITTED into evidence;

- Defendant's Trial Exhibits 556, 565, 567, 568, 569, 571, and 572 are ADMITTED into evidence;

- The Court will rule on Plaintiff's motion to admit Dr. Byrd's testimony (Dkt. 88) by May 3, 2024.

Dated this 30th day of April, 2024.

Tiffany M. Cartwright
United States District Judge