UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL B. SMITHSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DARYL JONATHAN HAMMOND,<br><br>　　　　　Defendant. | Case No. 3:22-cv-05029-TMC<br><br>ORDER ON PERPETUATION DEPOSITION OF DR. GREGORY BYRD |

## I.   ORDER

Before the Court is Plaintiff Daniel Smithson's motion to admit the video perpetuation deposition of Dr. Gregory Byrd. Dkt. 88. Defendant Daryl Hammond has responded with a cross-motion to admit and exclude specific portions of the deposition. Dkt. 98. Both motions are GRANTED IN PART as explained below.

The Court has already determined that allowing Dr. Byrd's testimony by video perpetuation deposition meets the requirements of Federal Rule of Civil Procedure 32. Dkt. 97 at 3. The Court rules on Hammond's specific objections in the chart below.

| Page and Line Numbers Objected To | Ruling |
|---|---|
| Page 22, Line 24 – Page 23, Line 18 | Overruled. This portion may be played for the jury. |

ORDER ON PERPETUATION DEPOSITION OF DR. GREGORY BYRD - 1

| Page 28, Lines 7 – 20 | Overruled. This portion may be played for the jury. |
| --- | --- |
| Page 30, Line 21 – Page 32, Line 2 | Sustained. This portion shall be excluded from what is shown to the jury. |
| Page 60, Line 6 – Page 61, Line 13 | Sustained. This portion shall be excluded from what is shown to the jury. |

Defendant asks the Court to order that Plaintiff "have the video of Dr. Byrd's perpetuation deposition professionally edited in accordance with its rulings and ready to play for the jury no later than 9:00 a.m. on Tuesday, May 7, 2024." Dkt. 98 at 4. Although the Court will not order plaintiff's counsel to edit the video in a particular way or hire a contractor to do so, Plaintiff must have the video available to play for the jury (whether by editing or dividing the video into separate clips), without the portions the Court has excluded, by no later than 9:00 a.m. on Tuesday, May 7, 2024.

Defendant Hammond also seeks exclusion of the document used as Exhibit 4 in Dr. Byrd's deposition. The Court reserves ruling on this exhibit and expects the parties to raise it with the Court outside the presence of the jury before Dr. Byrd's testimony is played.

Finally, Defendant Hammond asks the Court to admit as a trial exhibit a portion of Plaintiff Smithson's deposition transcript used as an exhibit in Dr. Byrd's deposition. Dkt. 98 at 3. The Court denies this request as it has already ruled that Defendant will be allowed to play that portion of Mr. Smithson's deposition for the jury, and the danger of unfair prejudice or confusion of the issues from sending one portion of testimony back with the jury as a trial exhibit outweighs its usefulness in evaluating Dr. Byrd's testimony.

The Court reserves ruling on the use of force report used as Exhibit 15 to Dr. Byrd's deposition.

Dated this 2nd day of May, 2024.

_____
Tiffany M. Cartwright
United States District Judge